**STATE, Plaintiff-Appellee, v. BROWN, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2341.   Decided November 22, 1955.

350

Mathias H. Heck, Pros. Atty., Dayton, by Walter A. Porter, Asst. Pros. Atty., for plaintiff-appellee.

Stewart & Cromer, Dayton, by Clarence J. Stewart, of Counsel, for defendant-appellant.

(COLLIER, J, of the Fourth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a sentence of defendant on a finding of guilt of a charge of abortion.

Four errors are assigned: (1) The verdict and judgment are against the manifest weight of the evidence; (2) error in admission of testimony of an alleged subsequent offense; (3) error in the general charge, and (4) the court abused its discretion in holding the jury in deliberation until about midnight of the day of the submission of the cause to the jury.

We consider the second and third assignments together because they involve the same question, viz.: The admissibility of the testimony of Ava Nell McBee respecting an abortion claimed to have been performed on her by the defendant at a time subsequent to the act alleged in the indictment in the instant case.

The court admitted this testimony, and in the general charge said to the jury:

"Any fact which tends to establish identity has probative value and is competent, even though proof of such fact may incidentally involve proof of the commission of another offense. Testimony of other offenses of like character allegedly committed by the same person in the same locality within a period of time reasonably near to the offense on trial, involving the same plan and method, is relevant to the issue of identity and may be considered by the jury only insofar as such evidence relates to, bears upon, and may tend to establish the identity of the person committing the offense charged."

The specific objection to the admission of this testimony, and the charge, is that it was accepted as bearing upon the essential proof of identity of defendant in the commission of the offense alleged. If competent, it was pertinent to a material issue inasmuch as the defendant interposed the defense of alibi. The statute which generally is invoked respecting testimony like that which is under consideration is §2945.59 R. C., which provides:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

It is properly asserted that this section of the Code does not in terms authorize the admission of testimony as to other like offenses as it may relate to the issue of the identity of the defendant.

The courts in considering this question have said that at common law such testimony was admissible for the purpose to which the court restricted it. Here it could have been of no probative effect on the intent with which the act under consideration was committed, if committed by the defendant, because the purpose of the commission of the act was clear, viz.; to produce a miscarriage.

There was a showing of a common plan or scheme or method in the commission of the two acts, the one upon the prosecuting witness and the other upon Mrs. McBee. The manner in which both communicated with defendant, the similarity in phone number and prefix thereto, the identification of the person answering the phone as Mr. Brown, the carrying of a small leather bag, which was similarly described by both witnesses, the carrying of the instrument with which the operations were performed in a little paper bag, the manner in which preparation was made for the operations, and the position that the women were required to assume in the beds, the placing of the pillows, the general demeanor of the defendant, all were sufficient to bring the factual development within the definition of a common plan or method of operation. In the situation thus developed the observations in the per curiam opinion (Marshall, Chief Justice), in **Clyne v. State, 123 Oh St 236,** become pertinent. After quoting the section, former §13444-19 GC, the Chief Justice said:

"It is contended by the state that the section is only declaratory of the common law. We are unable to see in what particular the rule declared in the statute differs from the well-settled common-law rule making admissible evidence of other like acts, where intent, guilty knowledge, **identity,** or scheme is material to be shown, except that the statute does not expressly limit the jury's consideration of the evidence of other like acts to their bearing on the question of such intent, knowledge, **identity,** or scheme." (Emphasis ours.)

The specific question is answered in the third syllabus of **State v. Ross, 92 Oh Ap 29,** wherein it is held that such testimony as is under consideration here is admissible to show the identity of the person charged with the commission of the crime for which he is on trial.

In many cases the intent with which the alleged abortion is committed becomes material because the defendants are practicing physicians who assert either that there was no intent to produce a miscarriage because the result accomplished was not purposed, or that it was neces-

sary to save the lives of the mothers. As we have said, that question was not in this case and the testimony, if probative at all, related only to identity, which in any event must appear to give application to the statute, §2945.59 R. C.

Manifestly, the testimony of Mrs. McBee, if true, was corroborative that the defendant was the individual who performed the operation on her.

We are satisfied that the court did not err in admitting the testimony, nor in the general charge to the jury on the subject.

The fourth assignment is directed to the action of the trial judge in holding the jury until about midnight, resulting in undue pressure upon the members to return a verdict.

The jury reported about eleven-forty P. M., and the trial judge was ready to discharge it, whereupon it developed that a verdict had been reached. There is no showing whatever that any member of the jury expressed any displeasure or anxiety because he or she was held in session. The court specifically instructed them not to be hurried in their deliberations. They had recessed for dinner. Counsel for defendant made no objection at any time to the failure to excuse the jury until the next morning, and no exception was taken to the action of the court.

No prejudicial error is shown upon the fourth assignment.

On the claim that the verdict and judgment are against the manifest weight of the evidence we must apply the ordinary test, that the determination of the facts is for the trier of the facts which is the jury. The alibi asserted by the defendant was strong. A jury could well have accepted it. The witnesses who testified in behalf of the defendant appeared to be truthful. There was one discrepancy in their testimony, respecting the date when it was claimed defendant's mother was to visit her dentist. This discrepancy did not change the fact, if it were a fact, that the defendant was with the party at his mother's during the hour when it was claimed that he was committing the abortion on the prosecuting witness, but it did have weight as to the accuracy of the memory of the witnesses, if the statement of the dentist, at variance therewith, was true.

Both the prosecuting witness and Mrs. McBee were definite and specific in their identification of the defendant. It was well within the province of the jury to accept this testimony as the truth.

We cannot hold that the verdict and judgment were manifestly against the weight of the evidence.

Finding no error assigned well made, the judgment will be affirmed.

MILLER, PJ, COLLIER, J, concur.